IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA
MUSKOGEE DIVISION

LEON ATCHLEY AS ADMINISTATOR
FOR THE ESTATE OF
JONATHON DUANE ATCHLEY                                                  PLAINTIFF

VS.                         CASE NO.   20-CV-18-KEW

CITY OF SALLISAW;
SALLISAW POLICE DEPARTMENT;
BLAINE GRIFFEY in his OFFICIAL
& INDIVIDUAL CAPACITY
                                                                        DEFENDANTS

## COMPLAINT

Comes now the Plaintiff, Leon Atchley as Administrator for the Estate of Jonathon Duane Atchley, by and through his attorneys, Walters, Gaston, Allison and Parker, and for his Complaint does state and allege as follows:

### INTRODUCTION

1. This is an action for Constitutional violations and state law personal injuries suffered by Plaintiff as a result of the unreasonable personal injury, and wrongful death of Plaintiffs' decedent, Jonathon Duane Atchley (hereinafter "Decedent"), Plaintiff brings this action for compensatory damages under 42 U.S.C. § 1983 because Defendants jointly and severally deprived Decedent of his federally-protected right to be free from unreasonable force. U.S. CONST. amends. IV, XIV.

2. The decedent was 37 years of age at the time of death. He was unmarried with three (3) minor children and died intestate. Leon Atchley (hereinafter Plaintiff or "Mr. Atchley") is the decedent's uncle. Plaintiff was appointed the administrator of the Estate

1

of Decedent on the 25th day of October, 2018. An Order was entered on November 15, 2018 authorizing a wrongful death claim on behalf of the Estate.

3. As a direct result of the policies, practices, customs and procedures of the City of Sallisaw ("City"), the policies, practices, customs, and procedures of the Sallisaw Police Department, and the actions of officer Blaine Griffey ("the officer"), Decedent was intentionally deprived of his constitutional right to be free from the excessive use of force guaranteed to him by the Fourth Amendment to the United States Constitution. A police officer, Defendant Blain Griffey, acting in the course and scope of his employment with the City of Sallisaw and the Sallisaw Police Department shot and killed Decedent, under circumstances where no reasonable police officer would have done so. Under long established law on excessive deadly force, this officer is not entitled to qualified or other immunity for these actions.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This court has jurisdiction over Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343(3) (civil rights). This court further has jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) as those claims form part of the same case or controversy under Article III of the United States Constitution.

5. Venue lies in the U.S. District Court for the Eastern District of Oklahoma, the District (hereafter "Eastern District of Oklahoma") in which the claim arose, pursuant to 28 U.S.C. § 139I(b).

6. The individual Defendant is a citizen of Sallisaw, Sequoyah County, Oklahoma.

7. As to the governmental entities The City of Sallisaw and the Sallisaw Police Department are located in Sequoyah County, Oklahoma, which lies within the Eastern District of Oklahoma.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. On or about January 21, 2018 the decedent was on his way to pick up his girlfriend from the hospital when he was pulled over by officer Blaine Griffey on a "routine traffic stop."

9. Upon the stop, the officer discovered that the Decedent did not possess a valid driver's license and attempted to detain him.

10. Once the officer attempted to detain the Decedent, an altercation ensued and the Decedent tried to defend himself as the officer utilized a police baton and pepper spray.

11. At no point during the altercation did the Decedent use or threaten to use deadly force against the officer as he was unarmed at the time.

12. The altercation concluded and the officer was in no threat of danger, however, the officer ultimately elected to produce his firearm and shot the Decedent multiple times.

13. The Decedent died due to the gun shot wounds he sustained by the officer's unlawful use of deadly force.

## PLAINTIFF'S CIVIL RIGHTS CLAIMS

14. The Plaintiff hereby incorporates all previously pled paragraphs herein as if set forth word for word.

15. The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows: Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S. C § 1983.

16. Plaintiff alleges that Defendants, jointly and/or severally, deprived Plaintiff's Decedent of his Fourth Amendment rights, and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution as incorporated and applied to the states through the Fourteenth Amendment. Defendants violated Decedent's rights in the following ways:

   (A) By instigating a physical altercation with the Decedent when he was not resisting arrest or threatening the officer with deadly force;

   (B) Using excessive and deadly force in the course of restraining the Decedent, in violation of the Fourth Amendment and its reasonableness standard. Plaintiff pleads that Decedent was unlawfully shot and killed. This resulted directly from a use of force that was clearly excessive to the need, and was objectively and subjectively unreasonable;

4

(C) By failing to provide supervision and/or proper training to prevent such incidents of excessive force.

17. Defendants' violations of the decedent's constitutional rights resulted in decedent suffering and death.

## COUNT 1- PLAINTIFF'S FIRST CLAIM: 42 U.S.C. § 1983—PEACE OFFICER LIABILITY

18. The Plaintiff hereby incorporates all previously pled paragraphs herein as if set forth word for word.

19. Plaintiff brings a claim against Blain Griffey, individually as well as in his official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

20. At all material times, Blaine Griffey was acting under color of state law as an agent and employee of Defendants, the City of Sallisaw. At all material times, Blaine Griffey was acting under color of state law as an agent and employee of Defendant, the Sallisaw Police Department. Defendants was wearing his official department uniforms, and was acting in the course and scope of his duty as an officer.

21. Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable in light of the circumstances facing the officer. See Graham v. C011110, 490 U.S. 386, 398 (1989). The facts and circumstances of this case show that Defendant's act of shooting an unarmed and non-dangerous individual was unreasonable. As such Defendant officer did not have a reasonable fear of imminent bodily harm when he killed decedent nor did they have a reasonable belief that any other person was in danger of imminent bodily harm. Consequently, killing decedent was unwarranted under these

circumstances, and was objectively unreasonable when comparing or balancing the amount of force used against the need for the force.

22. Therefore, by using subjectively and objectively unreasonable deadly force while acting under color of state law the officers violated decedent's rights under the Fourth and Fourteenth Amendments to the United States Constitution and caused his wrongful death.

## COUNT 2-PLAINTIFF'S CLAIM FOR MUNICIPAL AND COUNTY LIABILITY: 42 U.S.C. § 1983

23. The Plaintiff hereby incorporates all previously pled paragraphs herein as if set forth word for word.

24. Plaintiff pleads that the Decedent's constitutional rights were violated when he was killed by the officer. The Decedent's injuries directly resulted from the officer's excessive use of deadly force in killing him.

25. The City of Sallisaw and Sequoyah County are also liable under 42 U.S.C. § 1983 for failing to supervise and train their officers, and for overlooking and covering up officer misconduct. The failure to supervise and train officers, and the City and County's willful blindness towards the constitutional violations of its employees, constitutes gross negligence and/or deliberate and conscious indifference to people's rights including the right to be free from excessive force and wrongful death as conferred by the Arkansas Wrongful Death Statute.

26. Additionally, municipalities and counties may be held liable under 42 U.S.C. § 1983 for constitutional torts that are committed pursuant to a policy, procedure, practice, or custom of the municipality or county. Even if the City or County's practice of

overlooking constitutional torts was not authorized by an officially adopted policy, the practice may be so common and well-settled that it fairly represents official policy. See Bd. of County Connn'rs of Bra an Counts' v. Brown, 521 U.S. 397, 404 (1997).

27. In the present case, the City's formal and informal actions in overlooking, hiding officer misconduct, reflects a policy, practice custom and procedure authorizing and allowing the use of excessive force that violated the civil rights of decedent. Consequently, the City is liable for harm caused to others as a result of its policies, practices customs and procedures.

28. Defendant City of Sallisaw is liable for the constitutional and common law torts of the named officer Defendant because the City sanctioned the following customs, practices, and policies:

(A) Using excessive force to carry out routine traffic stops and detainment;

(B) Using deadly force when such force is not necessary or permitted by law;

(C) Ignoring the serious need for training and supervision of its officers in regard to the use of force;

(D) Failing to discipline those persons whom are found to have engaged in the use of excessive force upon those entrusted to their care or under their control;

(E) Failing to adequately supervise or observe its officers;

(F) Failing to adequately train officers regarding the availability of alternative means of detaining persons other than the use of force or deadly force;

(G) Failing to require appropriate training in the proper use of tasers and physical restraint or in the alternative failure to implement practices recommended by such training;

29. At the time the officer shot and killed decedent he was acting pursuant to an official city policy, practice, custom and procedure overlooking and/or authorizing Officers' excessive use of force. See Morrell v. New York City Dept. of Social Servs., 436 U.S. 658, 659 (1978).

30. Thus, the City's policy of overlooking and cover up of officer brutality was a direct cause of decedent's injuries. In particular, the City's policy caused decedent to be deprived of his constitutional rights to be free from unreasonable force under the Fourth and Fourteenth Amendments and his rights taken from the Oklahoma Wrongful Death Statute as applied through 42 U.S.C. Section 1983 and 1988.

## COUNT 3- BATTERY AND WRONGFULT DEATH CLAIM AGAINST ALL DEFENDANTS UNDER OKLAHOMA LAW

31. The Plaintiff hereby incorporates all previously pled paragraphs herein as if set forth word for word.

32. The Defendant officer committed an assault upon the Decedent when he intentionally, knowingly, and/or recklessly shot him. The assault conduct was committed intentionally, knowingly, and/or recklessly, and was the proximate cause of physical and emotional injuries. Said injuries and death were the direct and immediate consequence of the officer's wrongful acts and a natural and direct result of the battery.

33. At no time was the officer privileged to take the action, as lethal force was not necessary under the circumstances.

## COUNT 4 - RESPONDENT SUPERIOR

34. Blaine Griffey was acting within the scope of his employment as an agent for the City of Sallisaw. As such, said City and Police Department are responsible for the

conduct of the officer under the doctrine of respondent superior due to the master-servant relationship which existed at the time of the incident forming the basis of this lawsuit.

**DAMAGES**

35. As a direct and proximate result of Defendant's tortious acts and omissions, decedent suffered pain and mental anguish from the time of the shooting until his death. Decedent likewise incurred funeral expenses, loss of life and lost wages. This claim survives to the Decedent's Estate and such claim is hereby made.

(A) Termination of the Parent-Child Relationship: The positive benefits flowing from the love, support, companionship, and society that Plaintiff would in reasonable probability, have received from decedent had he lived.

(B) Mental Anguish suffered by the surviving parents and siblings as a result of the death of decedent including but not limited to the emotional pain, torment, and suffering that said individuals would, in reasonable probability, experience from the death.

(C) Loss of household services; loss of Inheritance: the earnings of the Decedent in excess of the amount he would have used for the support of himself and his family, and in which reasonable probability would have been added to his estate and left to the Parent at his natural death had he lived.

36. Plaintiff is entitled to recover damages for the following: pecuniary loss; termination of the child-parent relationship; mental anguish, loss of household services, and loss of inheritance, as noted herein.

37. In addition, Defendants are liable for compensatory and exemplary damages arising from their conduct and lack of conduct.

## ATTORNEY'S FEES

38. Plaintiff is entitled to recover attorney's fees and costs as required by the Civil Rights Attorney's Fees Award Act of 1976. 49 U.S.C. § 1988. Plaintiff hereby requests that the Court and jury award their attorney's fees and expenses.

## JURY DEMAND

39. Plaintiff respectfully demands a jury trial pursuant to FED. R. CIV. P. 8(b).

## PRAYER

WHEREFORE, Plaintiff prays this Court grant the relief requested hereinabove against the Defendants in an amount to be determined by a jury together with attorney's fees, court costs, and for all other proper relief to which this Plaintiff may be entitled.

LEON ATCHLEY,
AS ADMINISTRATOR
OF THE ESTATE OF
JONATHON DUANE ATCHLEY

WALTERS, GASTON,
ALLISON & PARKER
1405 WEST CENTER, 3RD FLOOR
GREENWOOD AR 72936
Phone: 479-996-2100

BY: /s/ Troy Gaston
Troy Gaston
Bar No. 19813