# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEON ATCHLEY, as Administrator for the Estate of Jonathan Duane Atchley,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SALLISAW,<br><br>SALLISAW POLICE DEPARTMENT, and<br><br>BLAINE GRIFFEY, in his Official and Individual Capacities,<br><br>    Defendants, | Case No. CIV-20-018-RAW |

## ORDER

This action arises from the death of Jonathan Duane Atchley ("Decedent"). Plaintiff alleges that on or about January 21, 2018, the Decedent was pulled over by Officer Blaine Griffey on a "routine traffic stop" and that Officer Griffey eventually shot the Decedent multiple times, killing him. Plaintiff filed his action in this court on January 16, 2020.

Plaintiff brings § 1983 claims for excessive and deadly force against all Defendants, citing the Fourth, Fifth, Eighth, and Fourteenth Amendments. He alleges his claims against the City of Sallisaw ("City") and the Sallisaw Police Department ("Police Department") based on failure to train and supervise and on inadequate policies, procedures, practices, or customs. Plaintiff also brings state law battery and wrongful death claims against all Defendants. He alleges his claims against the City and the Police Department under the theory of *respondeat superior*.

Now before the court are the motions for partial dismissal by the City [Docket No. 12] and by the Police Department [Docket No. 13].[1] Both motions were filed on February 12, 2020. Responses were due on February 26, 2020. Plaintiff failed to respond. On March 2, 2020, the United States Magistrate Judge entered an order to show cause for failure to respond. Plaintiff then requested and was granted an extension of time, until March 9, 2020, to respond. On March 9, 2020, Plaintiff filed his response to the City's motion. He did not respond to the Police Department's motion.

Local Civil Rule 7.1(g) states that if a dispositive motion is not opposed, the court may in its discretion provide an additional fourteen days for the opposing party to show cause why the motion should not be granted, after which the case will be dismissed or the motion will be deemed confessed, as appropriate. As Plaintiff was granted an extension of time and eight weeks have now passed since the motion was filed with no response, the court hereby deems the Police Department's confessed. The state law claims against the Police Department are dismissed.

The City correctly argues that the Plaintiff's state law claims against it must be dismissed because Plaintiff failed to comply with the notice requirement of the GTCA and because his state law claims are barred by the applicable statute of limitations in any event. 51 OKLA. STAT. §§ 156 and 157. Plaintiff concedes this argument. The City's motion is granted as to the state law claims against it. Accordingly, the state law claims against the City are dismissed.

---

[1] While not titled a motion for partial dismissal, the Police Department's motion references only the state law claims, arguing that it is not properly named under the Oklahoma Governmental Tort Claims Act ("GTCA"). 51 OKLA. STAT. §§ 152 and 163. The court, therefore, deems it a motion for partial dismissal.

The City further argues that Plaintiff's state law claims against Officer Griffey must be dismissed pursuant to 51 OKLA. STAT. §§ 153(A) and (B) and 163(C). Both sections prohibit actions against employees *acting within the scope of their employment.* Plaintiff concedes as to the official capacity claims. The City's motion is granted as to the state law claims against Officer Griffey in his official capacity. The individual capacity state law claims remain.

Finally, the City argues that the Fifth, Eighth, and Fourteenth Amendments are inapplicable to this case. Plaintiff seems to concede that the Fifth and Eighth Amendments are inapplicable.[2] In any event, the City is correct. "Excessive force claims can be maintained under the Fourth, Fifth, Eighth, or Fourteenth Amendment." *Estate of Booker v. Gomez*, 745 F.3d 405, 418-19 (10th Cir. 2014). "Determining which amendment applies to an allegation of excessive force requires consideration of 'where the [plaintiff] finds himself in the criminal justice system.'" *Id*. at 419 (citation omitted).

"Any force used 'leading up to and including an arrest' may be actionable under the Fourth Amendment's prohibition against unreasonable seizures." *Id*. (citation omitted). Claims of excessive force brought by convicted prisoners arise under the Eighth Amendment. *Id*. Claims brought by persons "somewhere between the two stools of an initial seizure and post-conviction judgment" will be analyzed under either the Fifth or Fourteenth Amendments. *Id*. The Fourth Amendment is applicable here and will be applied.

### *Amendment*

In his response, Plaintiff requests leave to amend his Complaint in the event his individual capacity tort claims against Officer Griffey is dismissed so that he may add another §

---

[2] Plaintiff cites precedent recognizing that the Fourth Amendment is applicable to excessive force claims and makes no substantive arguments with regard to the Fifth or Eighth Amendments.

1983 claim against him based on new information. The court has not dismissed the individual capacity claims against Officer Griffey. Additionally, Plaintiff does not specify what claim he would add based on new information. If Plaintiff wishes to amend to add any claim, he must file a motion detailing the claim no later than April 22, 2020.

Plaintiff also seeks to include a claim for excessive force in violation of the Oklahoma Constitution. The court has already dismissed the state law claims against the City, the Police Department, and Officer Griffey in his official capacity pursuant to the GTCA. To the extent Plaintiff seeks to include any Oklahoma constitutional claims against the City, the Police Department, or Officer Griffey in his official capacity, his request is denied. Claims under the Oklahoma Constitution are subject to the stricture and exemptions of the GTCA. The Oklahoma Supreme Court has pointed out that after its ruling in *Bosh v. Cherokee Cnty. Governmental Bldg. Auth*. 305 P.3d 994 (Okla. 2013), the State legislature responded by amending the GTCA to include immunity for violations of the Oklahoma Constitution. *Barrios v. Haskell Cnty. Pub. Facilities Auth., et al*., 432 P.3d 233, 235-41 (Okla. 2018). Like in *Barrios*, because Plaintiff's constitutional torts are governed by the GTCA, the GTCA's specific prohibitions listed above bar the constitutional claims as well.

### *Summary*

The City's motion [Docket No. 12] is granted. The Police Department's motion for partial dismissal [Docket No. 13] is deemed confessed. The state law claims against the City, the Police Department, and Officer Griffey in his official capacity are hereby dismissed. The state law claims against Officer Griffey in his individual capacity remain. The § 1983 excessive and deadly force claims also remain and will be analyzed pursuant to the Fourth Amendment.

If Plaintiff wishes to amend to add any claims, he must file a motion for leave to amend, detailing the proposed additional claims no later than April 22, 2020. He shall attach to any such motion his proposed Amended Complaint.

**IT IS SO ORDERED** this 8th day of April, 2020.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**